## MORRIS et al. v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. December 15, 1920.)

No. 85.

Criminal law ☞1114 (1)—Question not raised by record not reviewable.

A question discussed in the appellate court, but not properly raised upon the record, cannot be considered.

In Error to the District Court of the United States for the Southern District of New York.

Henry Morris and another were convicted of using the mails in a scheme to defraud, and they bring error. Affirmed.

Alexander H. Kaminsky, of New York City (Hyman J. Reit and Gilbert Ray Hawes, both of New York City, of counsel), for plaintiffs in error.

Francis G. Caffey, U. S. Atty., of New York City (Ben A. Matthews

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and Albert C. Rothwell, Asst. U. S. Attys., both of New York City, of counsel), for the United States.

Before WARD, ROGERS, and MANTON, Circuit Judges.

ROGERS, Circuit Judge. The plaintiffs in error are hereinafter referred to as the defendants. They have been convicted under section 215 of the Criminal Code (Comp. St. § 10385) for using the mails in a scheme to defraud. Each defendant has been sentenced to serve one year and three months in the United States Penitentiary at Atlanta, Ga.

The indictment contains two counts. The first count charges that defendants devised a scheme to defraud by obtaining merchandise on credit in the name of the Clairmont Silk & Manufacturing Company, by inducing various corporations and firms to believe that defendants were carrying on a legitimate business under that name and were financially responsible, whereas defendants intended, after procuring the merchandise on credit, to convert the proceeds to their own use and not to pay for the same, but to cheat the persons to be defrauded. It also contains the usual allegation that the defendants, having devised this scheme to defraud, for the purpose of executing it, unlawfully, willfully, and knowingly placed and caused to be placed, on a day specified, in a post office of the United States in the city of New York, to be sent and delivered by the post office establishment of the United States, a certain letter inclosed in a post paid envelope addressed to a certain individual naming him. The second count is identical with the first, except that another communication is alleged.

The validity of the indictment was not challenged in the court below, and is not questioned in this court. At the trial some objections were made to the admission of evidence, but no exceptions were taken, and there are no assignments of error as to the admission or exclusion of evidence. No requests to charge were made, and no exceptions were taken to the charge as given.

It appears, however, that at the close of the government's case a motion was made to instruct the jury to acquit, on the ground that the government had failed to establish guilt beyond a reasonable doubt. That motion was denied, and an exception was taken. The defense then called the two defendants, who testified at length on their own behalf, but called no other witnesses. At the close of the whole case, the motion was renewed that the jury be instructed to acquit, and it was again denied, and an exception was granted.

The denial of the defendants is unsupported and uncorroborated, and the verdict of the jury establishes the fact that their testimony was not believed. It would serve no good purpose to review in detail the testimony. It must suffice to say that we have read the record with care, and that it contains substantial and convincing evidence that these defendants were jointly engaged in a scheme to defraud, and that they used the mail in furtherance of their scheme.

In the argument in this court certain questions were discussed, which were not properly raised upon the record, and which we are therefore not at liberty to consider.

Judgment affirmed.